IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAHMOUD AHMAD MUSTAFA AL-KHASHASHNEH, | ) ) ) | |
| Petitioner, | ) ) | 8:10CV307 |
| v. | ) ) ) | |
| ERIC HOLDER, Attorney General, United States, in his official Capacity, JANET NAPOLITANO, Secretary, Department of Homeland Security, in her official Capacity, JOHN MORTON, Assistant Secretary, Immigration and Customs Enforcement, in his official Capacity, SCOTT BANIECKE, Field Office Director, St. Paul Office of Detention and Removal Operations, in his official Capacity, JEFFERY NEWTON, Director, in his official Capacity, JOHN DOE, Warden, in his official Capacity, GREG JENSEN, Immigration and Customs Enforcement, in his official Capacity, and JOHN DOE, Custodian of Petitioner, in his official Capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Respondents. | ) ) | |

This matter is before the court on respondents' (collectively, "the government") motion to dismiss for lack of jurisdiction or failure to state a claim, Filing No. 10. This is a petition for habeas corpus relief under 28 U.S.C. §§ 2241 and 2242. The petitioner, a citizen of Jordan, challenges his detention at Douglas County Correctional Center pending his deportation. The government contends the petitioner's complaint is subject to dismissal for several reasons. They argue the petitioner has failed to perfect service of process, that respondents Eric H. Holder, Jr., Janet Napolitano, John Morton, Scott Baniecke and Greg

Jensen are improperly named as parties, that the action is either moot or premature, and that petitioner's complaint fails to state a claim for relief for violations of due process or international treaties. Filing No. 11, Brief. Mr. Al-Khashashneh filed his habeas petition on August 22, 2010. The government filed its motion to dismiss on December 21, 2010. The petitioner, who is represented by counsel, has filed no response to the motion.

In support of their motion, the government submits the declaration of Greg Jensen, Assistant Field Office Director, Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Detention and Removal Operations ("Jensen Decl."). Filing No. 12, Index of Evid. (Doc # 12, Page ID # 57-59). Documents from the administrative record maintained by the Department of Homeland Security are attached to the Jensen Declaration. *Id.*, Exs. 1 to 13. Those documents show that the petitioner was admitted to the United States on a student visa in 2007. *Id.*, Ex. 3 at 6 (Doc # 12, Page ID # 72). The government commenced removal proceedings against him on June 16, 2010, alleging that he failed to maintain his status as a student and was not authorized to work in the United states. *Id.* Ex. 1 (Doc # 12, Page ID # 63). The record also shows that Immigration authorities had received a report that the petitioner had made terrorist threats against the College World Series in Omaha. *Id.*, Ex. 2 ((Doc # 12, Page ID # 65-66); Ex. 3 (Doc. # 12 Page ID # 68-69). The petitioner admitted that he worked without authorization. *Id.*, Ex. 4 (Doc # 12, Page ID # 71-73). On June 15, 2010, ICE found that Mr. Al-Khashashneh was in violation of the immigration laws and authorized a warrant to take him into custody. *Id.*, Ex. 5 ((Doc # 12, Page ID # 75-76). ICE further determined that he should be detained pending his removal from the United States. *Id.*, Ex. 6. at 6 (Doc # 12, Page ID # 72). The

petitioner sought review of the custody determination before an immigration judge. *Id.* (Doc # 12, Page ID # 78). On July 2, 2010, the immigration judge denied the petitioner's request for a change in custody status. *Id.*, Ex. 8 (Doc # 12, Page ID # 82). On August 23, 2010, after a hearing, the immigration judge entered a bond memorandum. *Id.* Ex. 9 (Doc # 12, Page ID # 85-87). He found that the government had met its burden in showing that there were reasonable grounds to believe that Mr. Al-Khashashneh was a national security risk who warranted detention under 8 U.S.C. § 1226. *Id.,* Ex. 9, Bond Memorandum at 3 (Doc # 12, Page ID # 87). In making that finding, the immigration judge credited the testimony of an ICE investigator that a credible informant had reported that the petitioner had offered $10,000 to the informant to deliver a backpack to the College World Series and had threatened to kill him. *Id.* The petitioner was ordered removed on August 24, 2010. *Id.*, Ex. 10 (Doc # 12, Page ID # 92). The petitioner appealed the bond denial to the Board of Immigration Appeals ("Board") on August 2, 2010. *Id.*, Ex. 11 (Doc # 12, Page ID # 98-99). On November 9, 2010, the Board dismissed the petitioner's appeal, but granted the government's motion for a limited remand for the immigration judge to clarify the basis of his decision. *Id.*, Ex. 11 (Doc # 12, Page ID # 95). The record shows that on November 18, 2010, the petitioner notified his counsel that he wished to waive his rights to all appeals. *Id.*, Ex. 12 ((Doc # 12, Page ID # 98-99). The Board granted his request on November 29, 2010. *Id.*, Ex. 13 ((Doc # 12, Page ID # 102).

In view of the evidence before the court and the fact that the petitioner has not responded to the government's motion to dismiss, it appears to the court that the petitioner

3

may have abandoned this action or it has been rendered moot. Accordingly, the court will order the petitioner to show cause why this action should not be dismissed.

IT IS ORDERED that the petitioner is granted 14 days in which to file a pleading showing cause why this action is not subject to dismissal for failure to prosecute.

DATED this 8th day of April, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4